## MERCHANTS FIRE INSURANCE CO v MICKLER et

Ohio Appeals, 2nd Dist, Miami Co

No 290.   Decided Jan 10, 1933

Hedges, Hoover & Tingley, Columbus, and L. E. Harvey, Bradford, for plaintiff in error.

Berry & McCullough, Piqua, for defendant in error.

**ALLREAD, J.**

The question is as to the right of the insurance company to recover the value of the stock of boots and shoes destroyed by fire. This is a new and difficult question. The learned Common Pleas Court, for whose ability and fairness we have the greatest respect, decided in favor of the Mickler Company, and dismissed the action. Error is now prosecuted to this court. The case is submitted upon the petition and the demurrer thereto, together with the briefs of counsel. Attached to one of the briefs of counsel is the opinion of the trial judge.

The trial judge held that the plaintiff could only recover on the bond in case there was some fault or negligence resulting in the fire and the consequent loss of the goods. The learned trial judge based this largely upon the authority of **Daniels v Ballantine, 23 Oh St, 532**, in which it was held that negligence was an essential element in the recovery of the value of goods destroyed in course of navigation under a contract with the steamship company. We think the foundation of this case is entirely different from that of the case at bar. The Ballantine case was founded upon the liability of a navigation company for the destruction of goods in a storm. It was subject, therefore, to the rights of the parties under the navigation contract, and there was no provision in the contract that rendered the nagivation company liable for the act of God.

We find a case somewhat similar to the case under consideration in the same report, at page 358. The case is **Alexander v Jacoby, 23 Oh St, 358**. This was an action growing out of an attachment case. The bond in attachment was somewhat similar to the bond here. The court held in this case that the damages to be recovered were those arising from the wrongful seizure of the property. In the fifth proposition of the syllabus it is provided that:

"5. In such action the plaintiff may recover damages for interruption to his business, caused by the wrongful seizure and detention of a stock of goods kept for sale by retail."

"6. Compensation in such cases includes reasonable costs and expenses incurred in procuring the discharge of the attachment and the restoration of attached property."

This case would necessarily hold that the damages to be recovered in the suit on the attachment bond is broader and more comprehensive than the damages in a suit on a navigation contract. The Alexander case has been referred to and approved in many subsequent cases, and we think it is the law of this state.

The averments of this petition are therefore sufficient to justify an action for damages to the stock of goods which was the subject of the attachment, although such damage did not arise from any want of care of the attaching creditor.

It therefore follows that the judgment of the Court of Common Pleas must be reversed and cause remanded for further proceedings.

HORNBECK and KUNKLE, JJ, concur.